On Petition for Writ of Habeas Corpus

PER CURIAM.
The Petitioner, Dwayne A. Griglen, brings this petition for a writ of habeas corpus to test the legality of the circuit court’s order setting bond and imposing other conditions of pre-trial release. We grant the writ and vacate the erroneously imposed bond requirement in case F13-4783A.
Griglen was arrested and charged with three offenses in case F13-4783A. At Gri-glen’s first nonadversary probable cause hearing, the judge found there was no probable cause but released Griglen “on his own recognizance” with the only condition that he return to appear in court the following month. Subsequently, Griglen was arrested in an unrelated matter in case F13-015755. At the hearing in case F13-015755, the court found that the new charges were a violation of pre-trial release conditions in case F13-4783A despite a finding of no probable cause. The trial court erroneously imposed monetary bonds for all three counts in case F13-4783A.
*1173 Section 907.041, Florida Statutes (2018) provides that “a court may, on its own motion, revoke pretrial release and order pretrial detention if the court finds probable cause to believe that the defendant committed a new crime while on pretrial release.” The question in this case is whether a defendant who is “released from custody” upon a court’s determination of no probable cause, see Florida Rule of Criminal Procedure 3.133(a)(4), is on “pretrial release” and therefore subject to the conditions provided in section 903.047(l)(a), Florida Statutes (2013) We agree that the answer to that question is “no”.
At the nonadversary preliminary hearing, the State failed to produce sufficient evidence of probable cause. Therefore, the trial court was required to release the defendant from custody. See Fla. R. Crim. P. 3.133(a)(4) (“If probable cause is not found ... the defendant shall be released from custody....”) [e.s.]. This type of release is not the same as a “release on recognizance,” because the rule itself addresses both types of release: A defendant shall be “released from custody” where the court finds no probable cause and no formal charges have been filed at that time. However, if the court finds no probable cause, but formal charges have already been filed, a defendant shall be “released on recognizance, subject to the condition that he or she appear at all court proceedings.” Id. Thus, the rule draws a distinction between these two types of “release,” and we agree that in this case, the finding of no probable cause with no formal charges filed meant the defendant was required to be “released from custody,” without the condition set forth in section 903.047(l)(a).[2] This type of release should not be equated with “pretrial release” as that term of art is used in sections 903.047 and 903.0471. Rather, this type of release, in essence, is a recognition that the defendant should not.be in custody or on any form of pretrial release or supervision, because his arrest was made in the absence of probable cause (or at the very least, in the absence of proof by the State that it was made with probable cause). Under these circumstances, a release from custody, without conditions, places the defendant in the same position (from a custodial, liberty and supervisory standpoint) he was in prior to his arrest. Because the defendant’s release cannot be considered a “pretrial release” it could not be conditioned upon his compliance with section 903.047(iXa). Therefore his release could not be revoked pursuant to section 903.0471 as a result of his subsequent arrest for a new crime.[3]
*1174 We would add that the State had an available remedy if it wanted the court to reconsider the question of probable cause (and with it the defendant’s release status). The State could have filed a motion under rule 3.138(c), which provides:
(c) Additional Nonadversary Probable Cause Determinations and Preliminary Hearings. If there has been a finding of no probable cause at a nonad-versary determination or adversary preliminary hearing, or if the specified time periods for holding a nonadversary probable cause determination have not been complied with, a judge may thereafter make a determination of probable cause at a nonadversary probable cause determination, in which event the defendant shall be retained in custody or returned to custody upon appropriate process issued by the judge. A defendant who has been retained in custody or returned to custody by such a determination shall be allowed an adversary preliminary hearing in all instances in which a felony offense is charged.
Under these facts, we grant the petition and vacate the bond conditions imposed in case number F13-4783A.

. Section 903.047(l)(a), Florida Statutes (2013) provides:
(1) As a condition of pretrial release, whether such release is by surety bail bond or recognizance bond or in some other form, the defendant shall:
(a) Refrain from criminal activity of any kind.

. The singular exception, provided by rule, is that the defendant who has been released from custody must appear for trial. See Fla. R. Crim. P. 3.133(a)(5) ("A release required by this rule does not void further prosecution by information or indictment but does prohibit any restraint on liberty other than appearing for trial”). This "condition” merely recognizes that a finding of no probable cause does not terminate the prosecution, and the court maintains jurisdiction over the case and the defendant. As a result, the defendant remains subject to the court’s order that he appear for trial. Even the defendant has conceded the viability of this requirement for one who has been "released from custody” without conditions.

.Of course, in determining the amount of bail or other conditions of release for the new arrest, the court may consider the defendant’s pending charge in the instant case. See § 903.046(2)(g), Fla. Stat. (2013) (providing that in determining whether to release a defendant on bail or other conditions, the court *1174 shall consider "[w]hether the defendant is already on release pending resolution of another criminal proceeding.[1]')